UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DIONE ANDRE WADE**, | **2:23-CV-11199-TGB-KGA** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN** |
| **MICHIGAN DEPARTMENT OF CORRECTIONS, et al.**, | |
| Defendants. | |

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Dione Andre Wade is a Michigan prisoner currently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. In his complaint, Plaintiff brings claims against three Defendants, the Michigan Department of Corrections ("MDOC"), Melinda Braman, and Kristie Marie Van Harn. Plaintiff alleges that he suffered multiple sexual assaults during his incarceration at the Richard A. Handlon Correctional Facility in Ionia, Michigan.

Having reviewed the complaint, the Court concludes that the proper venue for this action is in the Western District of Michigan. Accordingly, the Court **ORDERS** that the case be immediately transferred to that district.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. The statute provides

that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome*, LLC, 504 F. App'x 468, 472 (6th Cir. 2012); *Sifuentes v. Pluto TV*, No. 23-10129, 2023 WL 319929, at *1 (E.D. Mich. Jan. 19, 2023) ("Congress has instructed district courts to dismiss, or in the interest of justice transfer, a case filed in the wrong division or district. 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case under this section lies within the court's sound discretion."); *see also* 28 U.S.C. § 1406(a).

Venue for Plaintiff's civil rights lawsuit is not proper in the Eastern District of Michigan because Plaintiff has failed to allege that any of the acts, events, or omissions that form the basis of his lawsuit took place in this district. Nor has Plaintiff alleged that any Defendant resides in this district. *See Miles v. WTMX Radio*, 15 F. App'x. 213, 215 (6th Cir. 2001).

For the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The events occurred at the Richard A. Handlon Correctional Facility, which is located in the Western District

of Michigan. It also appears from the complaint that Defendant Kristie Marie Van Harn works at the Facility, and Defendant Melinda Braman is the warden of the Facility.

The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan, where Plaintiff alleges that the civil rights violations occurred.

Accordingly, the Court hereby **ORDERS** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**IT IS SO ORDERED.**


Dated: May 31, 2023          s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE